**In re SGE MORTGAGE FUNDING CORP., Debtor.**

**Responsible Person of SGE Mortgage Funding Corp. and Attorneys for SGE Mortgage Funding Corp., Movants,**

**v.**

**Committee of Investors Holding Unsecured Claims, Respondent.**

**No. 99–71191.**

United States Bankruptcy Court, M.D. Georgia, Valdosta Division.

Nov. 17, 2003.

---

Ward Stone, Jr., Stone & Baxter, LLP, John Flanders Kennedy, Hall, Bloch, Garland and Meyer, Macon, GA, Michael G.

Lambros, Boyce, Ekonomou & Atkinson, Atlanta, GA, for Debtor.

Mary Grace Diehl, Thomas Paty Stamps, Atlanta, GA, for Petitioning Creditors.

## *MEMORANDUM OPINION*

JOHN T. LANEY, III, Bankruptcy Judge.

On October 24, 2003, the Court held a hearing on the Application for Final Interim Compensation and Final Compensation for Responsible Person of Debtor and Attorneys Representing Debtor ("Movants") and the objection to the application filed by the Committee of Investors Holding Unsecured Claims ("Respondent"). At the conclusion of the hearing, the Court took the matter under advisement. The Court has considered the evidence, the parties' briefs and oral arguments, and the applicable statutory and case law. For reasons that follow, the Court will approve the application as submitted.

## *BACKGROUND*

Pre-petition, SGE Mortgage Funding Corp. ("SGE") was a residential mortgage broker licensed in Georgia. A large portion of SGE's business involved solicitation and origination of loans to potential borrowers desiring to obtain loans secured by real estate. SGE funded its mortgage loan origination business through cash investments made by investors. Each investor would loan SGE money. SGE would utilize these funds in its lending business to individual borrowers. In return for the investors' loan, SGE would pay the investor a monthly amount based on a designated interest rate. However, SGE had been engaged in a classic Ponzi scheme. Upon closing a mortgage loan to an individual borrower, SGE would "assign" that loan not only to one investor but to numerous

investors. Like many Ponzi schemes, SGE used funds obtained from later investors to pay the monthly principal and interest payments due to the earlier investors.

Prior to an involuntary Bankruptcy proceeding being initiated, the Superior Court of Tift County appointed a Receiver to take control of SGE. On September 27, 1999, an involuntary petition under Chapter 7 of the Bankruptcy Code ("Code") was commenced against SGE. On December 10, 1999, this case was converted to a Chapter 11 case. The attorney who had been appointed as Receiver by the Superior Court of Tift County was named Responsible Person to oversee the SGE bankruptcy estate.

## DISCUSSION

Respondent argues that Movants' final interim request for fees should be disallowed and that a substantial amount of the fees already paid should be disgorged. Respondent maintains that Movants' actions were grossly negligent, displayed a lack of expertise, and were overridden with poor management decisions. Respondent takes issue with the amount of time that it has taken Movants to liquidate the estate. Respondent argues that Movants did not aggressively pursue causes of action on behalf of the estate. Respondent urges that Movants did not properly marshal and administer the assets of the estate. Further, Respondent stated that Movants routinely failed to meet deadlines and disobeyed orders of this Court. According to Respondent, these factors contributed to a less than satisfactory result for the estate's creditors, while professionals have received over $3,000,000 to date in fees.

Movants contend that the time expended was reasonable due to the size and complexity of the case, as well as necessary and beneficial to the estate. Movants deny all of Respondent's contentions, stating that they made their best efforts and exercised business judgment to effectively and as efficiently as possible liquidate the estate. Movants urge that Respondent has not met its burden to prove with specificity that Movants are not entitled to the fees requested.

■ The burden is on Movants to establish that they are entitled to the compensation as requested. *See In re Blackwood Assoc., L.P.*, 165 B.R. 108, 111–112 (Bankr.E.D.N.Y.1994) [*citing In re Hunt's Health Care, Inc.*, 161 B.R. 971, 980–981 (Bankr.N.D.Ind.1993) ]; *see also* 11 U.S.C. §§ 330, 331 (1993 & Supp.2003); Fed. R. Bankr. P. 2016. However, once the prima facia showing is made by an applicant, any objection raised must be substantiated by evidence showing that the applicant has requested an unreasonable amount, whether it be excessive hourly rates/hours or duplicative/unnecessary work. *See id.* General dissatisfaction or a disagreement over business judgment will not suffice.

■ Here, Respondent has not carried the burden to prove that Movants' actions were unreasonable. While the fees have been high in this case, it is an extremely complex case with multiple allegations of fraud and wrong-doing by SGE's former principals. Movants worked to produce a distribution. While the distribution is small in comparison to the amount of outstanding debt, it is a distribution none the less, something that is rare in liquidation cases. The Court shares in Respondent's desire to have a larger dividend for the investors. However, there is no indication that Movants could have done anything specific which would have resulted in a better outcome than has already occurred.

Therefore, the Court will approved Movants' application as submitted. An order

in accordance with this Memorandum Opinion will be entered.